1  Dylan B. Carp (State Bar No. 196846)
   JACKSON LEWIS P.C.
2  50 California Street, 9th Floor
   San Francisco, California  94111
3  Telephone:  (415) 394-9400
   Facsimile:  (415) 394-9401
4  Email:  carpd@jacksonlewis.com

5  Attorneys for Defendants
   NICHOLS DEMOS, INC.,
6  NICHOLS & ASSOCIATES, INC. and
   FLAIR EVENT MODELS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 | SIGRID R. WILLIAMS, on behalf of herself, all others similarly situated, | Case No. |

13 |              Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331, 1332, 1367, 1441 & 1446** |

14 |       v. |

15 | NICHOLS DEMOS, INC., an Oregon corporation; NICHOLS & ASSOCIATES, INC., an Oregon corporation; FLAIR EVENT MODELS, INC., an Oregon corporation; and DOES 1 through 100, inclusive, |

18 |              Defendants. |

19 | | State Complaint Filed:  09/22/17
Removal Filed: |

20     TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT

21 OF CALIFORNIA, PLAINTIFF SIGRID R. WILLIAMS, AND HER ATTORNEYS OF

22 RECORD:

23     PLEASE TAKE NOTICE that DEFENDANTS NICHOLS DEMOS, INC. ("Nichols

24 Demos"), NICHOLS & ASSOCIATES, INC. ("Nichols & Associates") and FLAIR EVENT

25 MODELS, INC. ("Flair") (collectively "Defendants") remove to this Court the state court action

26 commenced below:

27                    **PLEADINGS, PROCESS, AND ORDERS**

28     1.     On September 20, 2017, Plaintiff Sigrid R. Williams filed a complaint against

1
**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER
28 U.S.C. §§ 1331, 1332, 1367, 1441 & 1446**

1    Defendants in the Superior Court of the State of California in and for the County of Santa Clara.

2    The Complaint is titled *SIGRID R. WILLIAMS, on behalf of herself, all others similarly situated,,*

3    *Plaintiff, vs.* DEFENDANTS NICHOLS DEMOS, INC., an Oregon corporation; NICHOLS &

4    ASSOCIATES, INC., an Oregon Corporation; and FLAIR EVENT MODELS, INC., an Oregon

5    corporation, Defendants, Case No. 17CV316153.   The Complaint asserts the following five

6    causes of action: (1) violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); (2)

7    violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act or "FCRA"); (3)

8    Violation of California Civil Code § 1786 *et seq.* (California Investigative Consumer Reporting

9    Agencies Act or "ICRAA"); (4) Violation of California Civil Code § 1785 *et seq.* (California

10   Consumer Credit Reporting Agencies Act or "CCRAA"); (5) Unfair Competition (Bus. & Prof.

11   Code §§ 17200, *et seq*). A true and correct copy of the Complaint is attached as **Exhibit A**.

12        2.        On November 15, 2017, Flair's agent for service of process was personally served

13   with a copy of the Complaint and a summons.   A true and correct copy of the summons and proof

14   of service are attached hereto as **Exhibit B**.   Although the proof of service states that Nichols &

15   Associates and Nichols Demos, Inc. were also served, that as inaccurate, as the individual served

16   is not the agent for service of process of those entities.   Accordingly, Nichols & Associates and

17   Nichols Demos, Inc. have not yet been served.   Nonetheless, they join in this notice of removal.

18        3.        On December 11, 2017, Defendants filed an answer to the Complaint.   A true and

19   correct copy of Defendants' file-stamped Answer is attached as **Exhibit C**.

20        4.        True and correct copies of all other papers filed or served in the state action are

21   attached as **Exhibit D**.

22        5.        This action is a civil action of which this Court has original jurisdiction under 28

23   U.S.C. §§ 1331, 1367 and 1332(a), and is one that may be removed to this Court by Defendants

24   under 28 U.S.C. § 1441(a) and (b), in that it is a civil action arising under the laws of the United

25   States and is between citizens of different states and the matter in controversy exceeds the sum of

26   $75,000, exclusive of interest and costs.

27                    **FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

28

6.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States.  Specifically, Plaintiff alleges in her first and second causes of action that Defendant's disclosures do not meet various requirements set forth under the Fair Credit Reporting Act  ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*  To the extent that Plaintiff asserts state law causes of action, those claims are sufficiently related to Plaintiff's various federal claims such that this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.  This action is therefore fully removable to this Court under 28 U.S.C. § 1441.

**DIVERSITY OF CITIZENSHIP**

7.     This action is between citizens of different states, in that Defendants are informed and believe that Plaintiff was at the time the action was commenced, and still is, a citizen of the State of California.

8.     Defendant Nichols & Associates, Inc., at the time the action was commenced, and still is, a citizen of the State of Oregon under 28 U.S.C. § 1332(c), in that it was and is incorporated under the laws of the State of Oregon and did and does have its principal place of business in Oregon.  Declaration of Julie Nichols ("Nichols Dec"), ¶ 3.

9.     Defendant Flair Event Models, Inc., at the time the action was commenced, and still is, a citizen of the State of Oregon under  28 U.S.C. § 1332(c), in that it was and is incorporated under the laws of the State of Oregon and did and does have its principal place of business in Oregon.  Nichols Dec, ¶ 4.

10.     Defendant Nichols Demos, Inc. is a d/b/a trade name and should be ignored for diversity jurisdiction purposes.  Nichols Dec, ¶ 5.

11.     The presence of "Doe" defendants in the Complaint has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(a).

**MATTER IN CONTROVERSY**

12.     Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for Plaintiff in this action exceeds $75,000. 28 U.S.C. § 1332(a).  Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not

3

1    that plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,*

2    95 F.3d 856, 860-861 (9th Cir. 1996).  The amount in controversy for Plaintiff exceeds the sum of

3    $75,000, exclusive of interest and costs, for the following reasons.

4         13.    In determining whether the amount in controversy exceeds $75,000, the Court

5    must presume Plaintiff will prevail on each and every one of his claims.  *Kenneth Rothschild*

6    *Trust v. Morgan Stanley Dean Witter,* 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002), *citing, Burns*

7    *v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis

8    presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir.

9    1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but

10   rather by reasonable reading of the value of the rights being litigated").  The argument and facts

11   set forth herein may appropriately be considered in determining whether the jurisdictional amount

12   in controversy is satisfied.  *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 843, n.1 (9th Cir. 2002).

13        14.    The amount in controversy may include general and special compensatory

14   damages.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).  If Plaintiff

15   prevails on her claim under FCRA, she may be entitled to actual damages or damages up to

16   $1,000.  15 U.S.C. § 1681n.  If Plaintiff prevails on her claim under CCRAA, she may be entitled

17   to actual damages plus $5,000.  Cal. Civil Code § 1785.31(a).  If Plaintiff prevails on her claim

18   under ICRAA, she may be entitled to actual damages or $10,000, whichever is greater.  Cal. Civil

19   Code § 1786.50(a).

20        15.    Plaintiff also prays for an unspecified amount of attorney's fees.  Attorneys' fees

21   may be included in the amount in controversy if recoverable by statute.  *Simmons*, 209 F. Supp.2d

22   at 1034.  Here, attorney's fees are recoverable by statute to a prevailing plaintiff.  15 U.S.C.

23   § 1681n; Civil Code §§ 1785.31(a)(1) and 1786.50(a)(2).  Attorneys' fees accrue until the action

24   is resolved for the purpose of the amount in controversy requirement.  *Simmons, supra.*  The

25   Court may examine the nature of the action and the relief sought and take judicial notice of

26   attorneys' fee awards in similar cases.  *Id.* at 1035 (attorneys' fees in individual employment

27   cases often exceed damages).  In *Johnson*, the plaintiff was awarded $422,738.96 in attorney's

28   fees on his FCRA claim.  2011 U.S. Dist. LEXIS 92718, *5.  Accordingly, Plaintiff has

4

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER
28 U.S.C. §§ 1331, 1332, 1367, 1441 & 1446

1  approximately $400,000 in attorney's fees in controversy.

2  16.  Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for

3  amount in controversy.  It cannot be said to a legal certainty that Plaintiff would not be entitled to

4  recover the jurisdictional amount.  *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d

5  311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994)

6  17.  Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint

7  demonstrates the amount in controversy in this case exceeds the requirement under 28 U.S.C.

8  § 1332(a).

9  **VENUE**

10  18.  Venue properly lies in the United States District Court for the Northern District of

11  California under 28 U.S.C. § 1441(a).  Section 1441(a) provides, in relevant part:

12  [A]ny civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the
13  defendants, to the district court of the United States for the district and division
embracing the place where such action is pending.

14  19.  As indicated above, Plaintiff brought this action in the Superior Court of California

15  in and for the County of Santa Clara.  The United States District Court for the Northern District of

16  California encompasses this territory.  28 U.S.C. § 84(a).

17  **TIMELINESS OF REMOVAL**

18  20.  This Notice of Removal is timely because this Notice of Removal is filed within

19  thirty days after Defendants acknowledged service of papers from which it could first be

20  ascertained that the case was removable.  28 U.S.C. § 1446(b).

21  **NOTICE TO PLAINTIFF AND STATE COURT**

22  21.  In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy

23  of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed

24  with the Clerk of the Superior Court of California in and for the County of Santa Clara.  As such,

25  all procedural requirements under § 1446 are satisfied.

26  **INTRADISTRICT ASSIGNMENT**

27  22.  Because this action was filed in Santa Clara County, this case should be assigned

28

5

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER
28 U.S.C. §§ 1331, 1332, 1367, 1441 & 1446**

1  to the San Jose Division under Civ. L.R. 3-2(e).

2                                    **CONCLUSION**

3        WHEREFORE, Defendants pray that the action now pending against them in the Superior

4  Court of the State of California for the County of Santa Clara be removed to this Court.

5  Dated:  December 13, 2017                          JACKSON LEWIS P.C.

6

7                                    By:  _____

8                                         Dylan B. Carp
                                          Attorneys for Defendants
9                                         NICHOLS DEMOS, INC., NICHOLS
                                          & ASSOCIATES, INC. and FLAIR
10                                        EVENT MODELS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           6
**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER**
**28 U.S.C. §§ 1331, 1332, 1367, 1441 & 1446**

# EXHIBIT A

E-FILED
9/20/2017 1:40 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV316153
Reviewed By: R. Walker

1
Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2
Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
4
Beverly Hills, California 90212
Telephone (310) 888-7771
5
Facsimile (310) 888-0109

6
Attorneys for Plaintiff,
SIGRID R. WILLIAMS
7

8

9
SUPERIOR COURT OF THE STATE OF CALIFORNIA

10
FOR THE COUNTY OF SAN JOSE

11
UNLIMITED JURISDICTION

12

| | |
|---|---|
| 13  SIGRID R. WILLIAMS, on behalf of herself, all others similarly situated, | Case No.: **17CV316153** |
| 14 | **CLASS ACTION** |
| 15  *Plaintiff,* | **COMPLAINT FOR:** |
| 16  vs. | 1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); |
| 17  NICHOLS DEMOS, INC., an Oregon corporation; NICHOLS & ASSOCIATES, INC., an Oregon corporation; FLAIR EVENT MODELS, INC., an Oregon corporation; and DOES 1 through 100, inclusive, | 2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); |
| 18 | 3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act) |
| 19 | 4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act) |
| 20  *Defendants.* | 5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); |
| 21 | |
| 22 | **JURY TRIAL DEMANDED** |

23

24

25

26

27

28

COMES NOW, Plaintiff SIGRID R. WILLIAMS (hereafter "Plaintiff"), on behalf of herself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action against defendant NICHOLS DEMOS, INC., an Oregon corporation; NICHOLS & ASSOCIATES, INC., an Oregon corporation; FLAIR EVENT MODELS, INC., an Oregon corporation; and DOES 1 through 100, inclusive (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.    Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes, and based thereon alleges, that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

5.    Venue is proper in Santa Clara County pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in Santa Clara County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

**PARTIES**

6.      Plaintiff is, and at all relevant times mentioned herein, an individual residing in the State of California.

7.      Defendant NICHOLS DEMOS, INC. is a corporation organized and existing under the laws of Oregon and doing business in the State of California.

8.      Defendant NICHOLS & ASSOCIATES, INC. is a corporation organized and existing under the laws of Oregon and doing business in the State of California.

9.      Defendant FLAIR EVENT MODELS, INC. is a corporation organized and existing under the laws of Oregon and doing business in the State of California.

10.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

11.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

12.     Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**CLASS ALLEGATIONS**

13.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest

*Williams v. Nichols Demos, Inc.*                              Class Action Complaint

among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.  **Class Definitions:** The classes are defined as follows:

A.  **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

B.  **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

C.  **CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

15.  **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16.  **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17.  **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.  Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in

---

*Williams v. Nichols Demos, Inc.*                                    Class Action Complaint

compliance with the statutory mandates;

    B.    Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

    C.    Whether Defendants willfully failed to identify the source of the credit report to be performed;

    D.    Whether Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA.

18.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

19.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both

1   seek and obtain relief. Moreover, a class action will serve an important public interest by

2   permitting class members to effectively pursue the recovery of monies owed to them. Further, a

3   class action will prevent the potential for inconsistent or contradictory judgments inherent in

4   individual litigation.

5   **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6        22.    When Plaintiff applied for employment with Defendants, Defendants required

7   him to fill out a disclosure and authorization form to perform a background investigation.

8        23.    Defendants provided Plaintiff and the putative class with a Background

9   Screening Consent Form a true and correct copy is attached as Exhibit A to this Complaint.

10       24.    The disclosure provided by Defendants contained extraneous and superfluous

11  language such as a liability release that does not consist solely of the disclosure as required by

12  federal and state laws.

13  **FIRST CAUSE OF ACTION**

14  **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

15  **(15 U.S.C. §§ 1681b(b)(2)(A))**

16  **(By Plaintiff and the FCRA Class Against All Defendants)**

17       25.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

18       26.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

19       27.    Plaintiff and class members are "consumers" within the meaning Section

20  1681a(c) of the FCRA, because they are "individuals."

21       28.    Section 1681a(d)(1) of the FCRA defines "consumer report" as

22            any oral, or other communication of any information by a consumer
    reporting agency bearing on a consumer's credit worthiness, credit
23            standing, credit capacity, character, general reputation, personal
    characteristics, or mode of living which is used or expected to be used or
24            collected in whole or in part for the purpose of serving as a factor in
    establishing the consumer's eligibility" for employment purposes.
25

26  Thus a credit and background report qualifies as a consumer report.

27       29.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

28            a consumer report or portion thereof in which information on a consumer's
    character, general reputation, personal characteristics, or mode of living is
    obtained through personal interviews with neighbors, friends, or associates
    of the consumer reported on or with whom he is acquainted or who may

1   have knowledge concerning any such items of information.

2   Thus a credit and background report qualifies as an investigative consumer report.

3       30.    Section 1681b(b) of the FCRA provides, in relevant part:

4       Conditions for furnishing and using consumer reports for employment purposes

5       (2) Disclosure to consumer

6         (A) In general

7           Except as provided in subparagraph (B), a person may not procure a
8           consumer report, or cause a consumer report to be procured, for
            employment purposes with respect to any consumer, unless—

9           i.    a *clear and conspicuous* disclosure has been made in writing to
10              the consumer at any time before the report is procured or caused
                to be procured, in a document that *consists solely of the*
                *disclosure*, that a consumer report may be obtained for
11              employment purposes; and

12          ii.   the consumer has authorized in writing (which authorization may
13             be made on the document referred to in clause (i)) the
               procurement of the report by that person. (Emphasis Added).

14      31.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be

15  made in writing.

16      32.    Because Defendant's disclosures do not meet the requirement of Section

17  101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

18      33.    As described above, Plaintiff alleges, on information and belief, that in

19  evaluating her and other class members for employment, Defendants procured or caused to be

20  prepared credit and background reports (i.e., a consumer report and/or investigative consumer

21  report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

22      34.    The purported disclosures do not meet the requirements under the law because

23  they are embedded with extraneous information, and are not clear and unambiguous disclosures

24  in stand-alone documents.

25      35.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

26  report or investigative consumer report for employment purposes unless the disclosure is made

27  in a document that consists solely of the disclosure and the consumer has authorized, in writing,

28  the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release and

---

1    other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

2        36.    Although the disclosure and the authorization may be combined in a single

3    document, the Federal Trade Commission ("FTC") has warned that the form should not include

4    any extraneous information or be part of another document.  For example, in response to an

5    inquiry as to whether the disclosure may be set forth within an application for employment or

6    whether it must be included in a separate document, the FTC stated:

7            The disclosure may not be part of an employment application because the
             language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears
8            conspicuously in a document not encumbered by any other information. The
             reason for requiring that the disclosure be in a stand-alone document is to prevent
9            consumers from being distracted by other information side-by-side within the
             disclosure.
10

11        37.    The plain language of the statute also clearly indicates that the inclusion of a

12    liability release in a disclosure form violates the disclosure and authorization requirements of

13    the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC

14    expressly has warned that the FCRA notice may not include extraneous information such as a

15    release.  In a 1998 opinion letter, the FTC stated:

16            [W]e note that your draft disclosure includes a waiver by the consumer of his or her
             rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate
17            Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of
             the disclosure that a consumer report may be obtained for employment purposes.
18

19        38.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C

20    § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request

21    for a consumer's waiver of his or her rights under the FCRA."

22        39.    By including a release and other extraneous information, Defendants willfully

23    disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

24    Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear

25    and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

26        40.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was

27    and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the

28    rights of applicants and employees, including Plaintiff and class members. Defendants' willful

conduct is reflected by, among other things, the following facts:

(a)    Defendants are a large corporation with access to legal advice;

(b)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d)    The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

41.    Defendants required a liability release, in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

42.    Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

43.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

---

*Williams v. Nichols Demos, Inc.*                                    Class Action Complaint

44.     As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

45.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

46.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

#### (By Plaintiff and the FCRA Class Against All Defendants)

47.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

48.     Section 1681d provides:

(a) Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(A) is *made in a writing mailed, or otherwise delivered*, to the consumer, not later than three days after the date on which the report was first requested, and

(B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; and

(2) the person certifies or has certified to the consumer reporting agency that–

(A) the person has made the disclosures to the consumer required by paragraph (1); and

(B) the person will comply with subsection (b) of this section.

(Emphasis Added.)

(b) Disclosure on request of nature and scope of investigation

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

49.     As alleged previously, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

50.     Moreover, even if Defendant's disclosures are deemed to satisfy Section 101(c)(1), Defendant did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

51.     Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(1) Commission summary of rights required

(A) In general

The Commission shall prepare a *model summary of the rights* of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of--

(i) the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;

(ii) the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

(iii) the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

(iv) *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

(v) the *method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title;

(Emphasis Added).

52.      Defendant did not comply with 1681g(c)(1)(B)(i) because the disclosure did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

53.      Defendant did not comply with 1681g(c)(1)(B)(ii) because the disclosure did not state the  frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

54.      Defendant did not comply with 1681g(c)(1)(B)(iii) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

55.      Defendant did not comply with 1681g(c)(1)(B)(iv) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

56.      Defendant did not comply with 1681g(c)(1)(B)(v) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

57.      Defendant did not comply with 1681g(c)(1)(B)(vi) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# THIRD CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

#### (By Plaintiff and the ICRAA Class Against All Defendants)

58.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

59.    Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

60.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

61.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

"a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

62.    Thus, a background checks qualifies as an investigative consumer report under the ICRAA.

63.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
(B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies

---

with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

64.    As alleged above, because Defendant's disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

65.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

66.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

67.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

68.    The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

69.    By including the Release and other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

70.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before

procuring background checks or causing background checks to be procured, as described above.
Pursuant to that policy and practice, Defendants procured background checks or caused
background checks to be procured for Plaintiff and class members without first providing a
written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

71.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is
willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their
obligations and the rights of applicants and employees, including Plaintiff and class members.
Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large corporations with access to legal advice;

(b) Defendants required a purported authorization to perform credit and
    background checks in the process of employing the class members which,
    although defective, evidences Defendants' awareness of and willful failure to
    follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that inclusion of a
    liability release and other extraneous information in a disclosure form
    violates the disclosure and authorization requirements, and that the disclosure
    form must contain the name, address, phone number, and/or website address
    of the investigative consumer reporting agency conducting the investigation.

72.     As a result of Defendants' illegal procurement of background reports by way of
their inadequate disclosures, as set forth above, Plaintiff and class members have been injured
including, but not limited to, having their privacy and statutory rights invaded in violation of the
ICRAA.

73.     Plaintiff, on behalf of herself and all class members, seeks all available remedies
pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages,
punitive damages, and attorneys' fees and costs.

74.     In the alternative to Plaintiff's allegation that these violations were willful or
grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate
remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees

1  and costs.

2  **FOURTH CAUSE OF ACTION**

3  **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA**

4  **(Cal. Civ. Code § 1785 *et seq.*)**

5  **(By Plaintiff and the CCRAA Class against all Defendants)**

6      75.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

7      76.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer

8  Credit Reporting Agencies Act ("CCRAA").

9      77.    Plaintiff and **CCRAA Class** members are "consumers" within the meaning

10  Section 1785.3(b) of the CCRAA, because they are "natural individuals."

11      78.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

12      any written, oral, or other communication of any information by a consumer
13      credit reporting agency bearing on a consumer's credit worthiness, credit
    standing, or credit capacity, which is used or is expected to be used, or collected
    in whole or in part, for the purpose of serving as a factor in establishing the
14      consumer's eligibility for: ...(2) employment purposes...

15  Thus, a credit report qualifies as a consumer credit report under the CCRAA.

16      79.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

17      Prior to requesting a consumer credit report for employment purposes, the user of
    the report shall provide written notice to the person involved. The notice shall
18      inform the person that a report will be used, and ***shall identify the specific basis***
    ***under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.***
19      ***The notice shall also inform the person of the source of the report...***

20      (Emphasis added.)

21      80.    As described above, Plaintiff alleges that in evaluating her and other class

22  members for employment, Defendants procured or caused to be prepared consumer credit

23  reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

24      81.    The Reference Release Form and the Driving Record Authorization does not

25  identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of

26  the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated

27  above.

28      82.    Based upon facts that are likely to have evidentiary support after a reasonable

---

*Williams v. Nichols Demos, Inc.*                                                 Class Action Complaint

opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

83.    Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

    (a) Defendants are large corporations with access to legal advice;

    (b) Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

    (c) The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

84.    As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

85.    Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

86.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,

---

*Williams v. Nichols Demos, Inc.*                                    Class Action Complaint

under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and

attorneys' fees and costs.

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and FCRA, ICRAA and CCRAA Class)

87.    Plaintiff incorporates the preceding paragraphs of the Complaint as if

fully alleged herein.

88.    Business and Professions Code section 17200 defines "unfair competition" to

include any unlawful business practice.

89.    Business and Professions Code sections 17203–17204 allow a person who has

lost money or property as a result of unfair competition to bring a class action in accordance

with Code of Civil Procedure section 382 to recover money or property that may have been

acquired from similarly situated persons by means of unfair competition.

90.    Federal and California laws require certain disclosures and proper authorization

before conducting background checks and obtaining information from credit and background

reports in connection with a hiring process.

91.    Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates

by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

92.    Plaintiff lost money or property as a result of the aforementioned unfair

competition.

93.    Defendants have, or may have, acquired money by means of unfair competition.

94.    Defendants have violated Federal and California laws through their policies and

practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer

credit reports (referred to collectively as "credit and background reports") to conduct

background checks on Plaintiff and other prospective, current and former employees and use

information from credit and background reports in connection with their hiring process without

providing proper disclosures and obtaining proper authorization in compliance with the law.

95.    The unlawful conduct of Defendants alleged herein amounts to and

---

*Williams v. Nichols Demos, Inc.*                                          Class Action Complaint

constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*. Business and Professions Code section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

96.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

97.    Due to its unfair and unlawful business practices in violation of Federal and California laws as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

98.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

99.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **FCRA, ICRAA and CCRAA Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.   An order that the action be certified as a class action;

B.   An order that Plaintiff be appointed class representative;

C.   An order that counsel for Plaintiff be appointed class counsel;

D.   Statutory penalties;

E.   Civil penalties;

F.   Punitive damages;

---

*Williams v. Nichols Demos, Inc.*                                          Class Action Complaint

G. Injunctive relief;

H. Costs of suit;

I. Interest;

J. Restitution;

K. Reasonable attorneys' fees; and

L. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.


Dated: September 19, 2017                    SETAREH LAW GROUP


                                             SHAUN SETAREH
                                             Attorney for Plaintiff,
                                             SIGRID R. WILLIAMS

EXHIBIT A



## Background Screening Consent Form

**Personal Information** (Please print as clearly as possible)

| First Name: Sigrid | Middle Name: Rochelle | Last Name: Williams |
|---|---|---|

Maiden Name/Other Names Used: Chapman

Email Address:

Social Security Number: ☐ Date of Birth: ☐ Sex: O M Ⓞ F

Current Physical Address: APT #

City: Phone:

### Authorization to Release Information and Records
### *NOTE – THIS IS NOT A CREDIT CHECK, ONLY A CRIMINAL RECORD SEARCH*

Have you been convicted, or pleaded guilty to, or no contest, to any criminal offense?

✓ No

_____ Yes, explanation: _____

_____

_____

I understand that as part of its placement process, Flair Event Models, Inc. will use **Choice Screening**, to act on their behalf to obtain a criminal background report ("Report") to help them evaluate candidates for placement. I authorize all persons who may have information relevant to this investigation to disclose it to Choice Screening and/or their agent. I release and agree to hold harmless all persons providing such information to Choice Screening, its officers, directors, employees and agents from liability on account of such disclosure. I also release and discharge Choice Screening and its agent and associates to the full extent permitted by law from any claims, damages, losses, liabilities, costs, expenses or any other charge or complaint filed with any agency arising from retrieving and reporting this information. I hereby further authorize that a photocopy of this authorization may be considered as valid as the original. I understand Choice Screening's investigation may include obtaining information regarding my criminal record, subject to any limitations imposed by applicable federal and state law. I understand that such information may be obtained through direct or indirect contact with public agencies or other persons who may have such knowledge. I hereby consent to this investigation and authorize Flair Event Models, Inc. to procure a Report on my background. In order to verify my identity for the purposes of Report preparation, I am voluntarily releasing my date of birth, social security number and the other information and fully understand that all decisions are based on legitimate non-discriminatory reasons.

Flair Event Models, Inc. will be completing their review of my placement within the next few days, and may take action based on the Report. If an adverse decision is made, I will be provided with a copy of my Report. I have the right to dispute the accuracy or completeness or any information contained in the Report by contacting Choice Screening directly, and understand that Choice Screening will not be able to tell me why an adverse decision was made.

The name, address and telephone number of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report is: **Choice Screening | 13000 E. Control Tower Rd. Suite 216, Box 13 | Englewood, CO 80112 Toll Free: 1-877-929-7878.**

Applicant Signature: Sigrid R. Williams     Date: 10/28/14



## Background Screening Consent Form

**Personal Information (Please print as clearly as possible)**

| First Name: SIGRID | Middle Name: Rochelle | Last Name: Williams |
|---|---|---|
| Maiden Name/Other Names Used: Sigrid Chapman | | |
| Email Address: | | |
| Social Security Number: ▓▓▓ | Date of Birth: ▓▓▓ | Sex: O M ⊙ F |
| Current Physical Address: ▓▓▓ | | APT # |
| City: ▓▓▓ | State: ▓▓▓ | |

**Authorization to Release Information and Records**

**NOTE – THIS IS NOT A CREDIT CHECK, ONLY A CRIMINAL RECORD SEARCH**

Have you been convicted, or pleaded guilty to, or no contest, to any criminal offense?

_✗_ No

_____ Yes, explanation: _____

_____

_____

_____

I understand that as part of its placement process, Flair Event Models, Inc. will use **Choice Screening**, to act on their behalf to obtain a criminal background report ("Report") to help them evaluate candidates for placement. I authorize all persons who may have information relevant to this investigation to disclose it to Choice Screening and/or their agent. I release and agree to hold harmless all persons providing such information to Choice Screening, its officers, directors, employees and agents from liability on account of such disclosure. I also release and discharge Choice Screening and its agent and associates to the full extent permitted by law from any claims, damages, losses, liabilities, costs, expenses or any other charge or complaint filed with any agency arising from retrieving and reporting this information. I hereby further authorize that a photocopy of this authorization may be considered as valid as the original. I understand Choice Screening's investigation may include obtaining information regarding my criminal record, subject to any limitations imposed by applicable federal and state law. I understand that such information may be obtained through direct or indirect contact with public agencies or other persons who may have such knowledge. I hereby consent to this investigation and authorize Flair Event Models, Inc. to procure a Report on my background. In order to verify my identity for the purposes of Report preparation, I am voluntarily releasing my date of birth, social security number and the other information and fully understand that all decisions are based on legitimate non-discriminatory reasons.

Flair Event Models, Inc. will be completing their review of my placement within the next few days, and may take action based on the Report. If an adverse decision is made, I will be provided with a copy of my Report. I have the right to dispute the accuracy or completeness or any information contained in the Report by contacting Choice Screening directly, and understand that Choice Screening will not be able to tell me why an adverse decision was made.

The name, address and telephone number of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report is: **Choice Screening | 13000 E. Control Tower Rd. Suite 216, Box L3 | Englewood, CO 80112 Toll Free: 1-877-829-7878.**

Applicant Signature: _Sigrid R. Williams_    Date: _11/17/14_

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NICHOL DEMOS, INC., an Oregon corporation;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SIGRID R. WILLIAMS, on behalf of herself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
9/20/2017 1:40 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV316153
Reviewed By: R. Walker

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court
191 North First Street
San Jose, California 95113

CASE NUMBER: **17CV316153**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

DATE:
*(Fecha)* 9/20/2017 1:40 PM    Clerk of Court    Clerk, by    R. Walker    , Deputy
    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [XX] on behalf of *(specify):*    Flair Event Models, Inc., an Oregon corporation

under: [XX] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Williams v. Nichols Demos, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
   Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

NICHOLS & ASSOCIATES, INC., an Oregon corporation; FLAIR EVENT MODELS, INC., an Oregon
corporation; and DOES 1 through 50, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

# EXHIBIT C

1    Dylan B. Carp (State Bar No. 196846)
     JACKSON LEWIS P.C.
2    50 California Street, 9th Floor
     San Francisco, CA  94111
3    Telephone    415.394.9400
     Facsimile:   415.394.9401
4    E-mail:      carpd@jacksonlewis.com
                  mackenzie.goepel@jacksonlewis.com
5
     Attorneys for Defendants
6    NICHOLS DEMOS, INC., NICHOLS &
     ASSOCIATES, INC. and FLAIR EVENT
7    MODELS, INC.

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SANTA CLARA

10

11   SIGRID R. WILLIAMS, on behalf of herself,      Case No. 17-CV-316153
     all others similarly situated,
12                                                  DEFENDANTS' ANSWER AND
                                                    AFFIRMATIVE DEFENSES TO
13              Plaintiff,                           COMPLAINT

14        v.                                        Complaint Filed:   September 20, 2017
                                                    Trial Date:        None Set
15   NICHOLS DEMOS, INC., an Oregon
     corporation; NICHOLS & ASSOCIATES,
16   INC., an Oregon corporation; FLAIR EVENT
     MODELS, INC., an Oregon corporation; and
17   DOES 1 through 100, inclusive,

18              Defendants.

19

20        Defendants Nichols Demos, Inc., Nichols & Associates, Inc. and Flair Event Models, Inc.

21   answer Plaintiff Sigrid R. Williams' Complaint for damages as follows:

22                                    **GENERAL DENIAL**

23        Under Code of Civil Procedure section 431.30(d), Defendants generally deny each and

24   every allegation of the unverified Complaint and further specifically deny that Plaintiff has

25   suffered any injury or damages of any kind attributable in any way to an act or omission of

26   Defendants.

27                                 **AFFIRMATIVE DEFENSES**

28        By way of affirmative defenses to the allegations of the Complaint, Defendants allege as

                                                 1
                        ANSWER AND AFFIRMATIVE DEFENSES
                                                        CASE NO. 17-CV-316153

FILED
DEC 1 1 2017
DAVID H. _____
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
ROWENA WALKER

follows:

1.    **Arbitration agreement.**  Plaintiff's claims are subject to an agreement to resolve them in binding arbitration.

2.    **Failure to state a cause of action.**  Plaintiff has failed to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendants.

3.    **Statutes of limitation.**  The causes of action in Plaintiff's Complaint are barred in whole or in part by all applicable statutes of limitation, including but not limited to 15 U.S.C. section 1681p, and Civil Code sections 1785.33 and 1786.52.

4.    **Laches.**  Plaintiff's Complaint is barred by the doctrine of laches.

5.    **Procedurally barred.**  Plaintiff's third and fourth causes of action are procedurally barred under Civil Code sections 1786.52(a) and 1785.34(a), respectively.

6.    **Unclean hands.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7.    **Waiver/Estoppel.**  Plaintiff has waived and is estopped and barred from alleging the matters set forth in Plaintiff's Complaint.

8.    **Comparative Fault.**  Plaintiff's right to recover, if any, is reduced by the extent to which any and all acts, occurrences, or damages alleged in the Complaint were proximately caused by Plaintiff's own or another actor's neglect or fault, or failure to deal fairly, reasonably and honestly with Defendants, including but not limited to Plaintiff's own failure to follow Matson's policies.

9.    **After-Acquired Evidence.**  Plaintiff is barred from recovery by the after-acquired evidence doctrine.

10.    **Offset.**  Plaintiff and putative class members are barred from recovering any damages, or any recovery must be offset or reduced, if and to the extent they have already recovered them from Defendants.

11.    **Mitigation of damages.**  Plaintiff and putative class members are barred from recovering any damages, or any recovery must be reduced, if and to the extent that Plaintiff or

2

1   putative class members failed to exercise reasonable diligence to mitigate their alleged damages,

2   if any.

3        12.    **Avoidable consequences.**  Plaintiff's claims are barred by the doctrine of

4   avoidable consequences.

5        13.    **No willfulness or negligence.**  Any violation was not willful or negligent.

6        **WHEREFORE Defendants pray:**

7        1.    That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

8        2.    That Plaintiff take nothing by the Complaint;

9        3.    That Defendants be awarded its costs of suit and, to the extent permitted by law,

10   reasonable attorneys' fees; and

11        4.    That Defendants be granted such other and further relief as this Court may deem

12   appropriate.

13   Dated:  December 8, 2017                    JACKSON LEWIS P.C.

14

15                                     By:    _____

16                                            Dylan B. Carp
                                              Attorneys for Defendants
17                                            NICHOLS DEMOS, INC., NICHOLS
                                              & ASSOCIATES, INC. and FLAIR
18                                            EVENT MODELS, INC.

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Bryana Schroder, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California, 94111; I am over the age of eighteen (18) years and am not a party to this action.

On December 11, 2017, I served the attached **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Shaun Setareh
Thomas Segal
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
E-mail: shaun@setarehlaw.com
E-mail: thomas@setarehlaw.com

Attorneys for Plaintiff
SIGRID R. WILLIAMS

FILED

DEC 11 2017

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUT
ROWENA WALKER

☒ **BY MAIL:** United States Postal Service by placing a sealed envelope with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. [( ) *Courtesy copy by email to the email addresses listed above.*]

☐ **BY OVERNIGHT DELIVERY:** I caused such envelope to be delivered to the below address within 24 business hours by overnight delivery service. [( ) *Courtesy copy by email to the email addresses listed above.*]

☐ **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the below address.

☐ **BY FACSIMILE:** I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

☐ **BY ELECTRONIC TRANSMISSION:** I caused such document(s) to be electronically transmitted to the above email addresses.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 11, 2017, at San Francisco, California.

Bryana Schroder
Bryana Schroder

Case No. 17CV316153

PROOF OF SERVICE

# EXHIBIT D

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

CASE NUMBER: __17CV316153__

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Hon. Thomas E. Kuhnle**    Department: **5**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: __1/12/2018__    Time: __10:00 am__    in Department __5__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____    Time: _____    in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.