UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIGRID WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLS DEMOS, INC., et al.,<br><br>    Defendants. | Case No. 5:17-cv-07101-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; REMANDING ACTION TO SANTA CLARA COUNTY SUPERIOR COURT**<br><br>Re: Dkt. No. 13 |

**I. INTRODUCTION**

Plaintiff Sigrid R. Williams ("Plaintiff") initiated this putative class action in Santa Clara County Superior Court, asserting that Defendants Nichols Demos, Inc., Nichols & Associates, Inc. and Flair Event Models, Inc. ("Defendants") violated the Fair Credit Reporting Act ("FCRA") and other state laws. Plaintiff alleges, among other things, that Defendants' employment application included a disclosure and authorization form for a background investigation that violates the "stand-alone" requirement of the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i). Complaint, ¶ 34. Defendants removed the action invoking federal subject matter jurisdiction[1] and diversity jurisdiction. Presently before the court is Defendants' motion for judgment on the pleadings. For the reasons set forth below, Defendants' motion is granted.

**II. BACKGROUND**

Plaintiff is a resident of California. Complaint, ¶ 6. Defendant Nichols & Associates, Inc.,

---

[1] The FCRA grants concurrent federal and state jurisdiction over FCRA claims. 15 U.S.C. §1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction.")

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
1

is a citizen of Oregon with its principal place of business in Oregon. Notice of Removal, ¶ 8. Defendant Flair Event Models, Inc., is a citizen of Oregon with its principal place of business in Oregon. Id. at ¶ 9. Defendant Nichols Demos, Inc. is a "doing business as" trade name. Id. at ¶ 10. Plaintiff's causes of action are based on the following allegations:

> 22. When Plaintiff applied for employment with Defendants, Defendants required him [sic] to fill out a disclosure and authorization form to perform a background investigation.
>
> 23. Defendants provided Plaintiff and the putative class with a Background Screening Consent Form [and] a true and correct copy is attached as Exhibit A to this Complaint.
>
> 24. The disclosure provided by Defendants contained extraneous and superfluous language such as a liability release that does not consist solely of the disclosure as required by federal and state laws.

Id. at §§ 22-24. Exhibit A to the Complaint is a one-page document entitled "Background Screening Consent Form" that states:

> I understand that as part of its placement process, Flair Event Models, Inc. will use Choice Screening to act on their behalf to obtain a criminal background report ("Report") to help them evaluate candidates for placement. I authorize all persons who may have information relevant to his investigation to disclose it to Choice Screening and/or their agent. I release and agree to hold harmless all persons providing such information to Choice Screening, its officers, directors, employees and agents from liability on account of such disclosure. I also release and discharge Choice Screening and its agent and associates to the full extent permitted by law from any claims, damages, losses, liabilities, costs, expenses or any other charge or complaint filed with any agency arising from retrieving and reporting this information. I hereby further authorize that a photocopy of this authorization may be considered as valid as the original. I understand Choice Screening's investigation may include obtaining information regarding my criminal record, subject to any limitations imposed by applicable federal and state law. I understand that such information may be obtained through direct or indirect contact with public agencies or other persons who may have such knowledge. I hereby consent to this investigation and authorize Flair Event Models, Inc. to procure a Report on my background. In order to verify my identity for the purposes of Report preparation, I am voluntarily releasing my date of birth, social security number and the other information and fully understand that all decisions are based on legitimate nondiscriminatory reasons.

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
2

United States District Court
Northern District of California

> Flair Event Models, Inc. will be completing their review of my placement within the next few days, and may take action based on the Report. If an adverse decision is made, I will be provided with a copy of my Report. I have the right to dispute the accuracy or completeness of any information contained in the Report by contacting Choice Screening directly, and understand that Choice Screening will not be able to tell me why an adverse decision was made.
>
> The name, address and telephone number of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report is: Choice Screening │ 13000 E. Control Tower Rd. Suite 216, Box 13 │ Englewood, CO 80112 Toll Free: 1-877-929-7878.

Complaint, Ex. A.

Plaintiff alleges on information and belief that Defendants procured or caused to be prepared credit and background reports (i.e. consumer report and/or investigative consumer report), as defined by the FCRA, for Plaintiff and class members. Id. at ¶¶ 33, 42. As a result of the procurement of credit and background reports as described above, Plaintiff and class members "have allegedly been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." Id. at ¶ 44.

Plaintiff asserts the following five causes of action: (1) violation of 15 U.S.C. §§168lb(b)(2)(A) of the FCRA; (2) violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) of the FCRA; (3) violation of California Civil Code § 1786 *et seq*. (California Investigative Consumer Reporting Agencies Act or "ICRAA"); (4) violation of California Civil Code § 1785 *et seq*. (California Consumer Credit Reporting Agencies Act or "CCRAA"); and (5) Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq*.). In the first cause of action, Plaintiff alleges a violation of the "stand alone" disclosure requirement of the FCRA based upon Defendants' inclusion of a liability release "and other extraneous information in the Background Screening Consent Form. Complaint, ¶¶ 34-39. The third cause of action for violation of the ICRAA is also based upon inclusion of the liability release form "and other extraneous information" in the Background Screening Consent Form. Id. ¶ 69.

In the second cause of action, Plaintiff alleges that the Background Screening Consent Form does not comply with Section 1681d(a)(1)(b) of the FCRA because the Form fails to notify

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
3

consumers of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested. Id. at ¶50. Plaintiff also alleges in the second cause of action that Defendants did not comply with Section 1681g(c) because the Background Screening Consent Form did not state: the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency; the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; the right of a consumer to dispute information in the file of the consumer; the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score; the method by which a consumer can contact and obtain a consumer report from a consumer reporting agency without charge; and the method by which a consumer can contact and obtain a report from a consumer reporting agency. Id. at ¶¶ 52-57.

In the fourth cause of action, Plaintiff alleges that the Background Screening Consent Form does not comply with the CCRAA because it "does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Id. at ¶ 81.[2] The fifth cause of action for unfair competition is based upon the statutory violations set forth in the first four causes of action.

**III. STANDARDS**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

On a motion for judgment on the pleadings, "all material allegations in the complaint are

---

[2] Paragraph 81 of the Complaint refers to "[t]he Reference Release Form and the Driving Record Authorization," which the court assumes is an error because the only form attached to the Complaint is the Background Screening Consent Form.

accepted as true and construed in the light most favorable to the non-moving party." Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). "[A]ll reasonable inferences" must be made "in favor of the nonmoving party." Mediran v. International Ass'n of Machinists and Aerospace Workers, No. 09-0538 TEH, 2011 WL 2746601, at *2 (N.D. Cal. July 14, 2011). A motion for judgment on the pleadings may be granted if, after assessing the complaint and matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief." Morgan v. County of Yolo, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006). In other words, the standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

**IV. DISCUSSION**

Defendants' motion for judgment on the pleadings raises seven issues: (1) whether Plaintiff has Article III standing to pursue any of her claims (2) and if Plaintiff does not have standing, whether the case should be dismissed or remanded; (3) whether Plaintiff is required to arbitrate her claims, and if so whether the class claims should be dismissed; (4) whether the claims under the FCRA, CCRAA or ICRAA are barred by the applicable two-year statutes of limitations; (5) whether the CCRAA or ICRAA claims are barred by the FCRA claim; (6) whether the CCRAA or ICRAA are unconstitutionally vague as applied; and (7) whether the UCL claim is seeking a permissible remedy.

**A. Article III Standing**

Article III of the Constitution extends the judicial "Power of the United States" only to "Cases" and "Controversies." Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016). Standing consists of three elements. Id. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. "The injury-in-fact requirement requires a plaintiff to allege an injury that is both

'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180-181 (2000) (emphasis added)).

In the present case, Defendants contend that the alleged failure to comply with certain requirements of the FCRA is not enough to demonstrate a "concrete" injury to Plaintiff. In Spokeo, the Supreme Court addressed this issue directly:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. See Summers, 555 U.S., at 496, 129 S. Ct. 1142 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing"); see also Lujan, *supra*, at 572, 112 S. Ct. 2130.

Spokeo, 136 S. Ct. at 1549. Applying the principles above, the Supreme Court concluded that a plaintiff cannot satisfy Article III "by alleging a bare procedural violation" of the FCRAA because the procedural violation may result in no harm. Id. at 1550. "For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm." Id.

Plaintiff cites to Syed v. M-I, LLC, 853 F.3d 492 (9th Cir. 2017), for the proposition that an alleged violation of a FCRA disclosure requirement is sufficient to demonstrate a "concrete" injury. In Syed, the plaintiff applied for a job with defendant and was provided with a document labeled "Pre-employment Disclosure Release," which he signed. Id. at 497. The Pre-employment Disclosure Release (1) informed Syed that his credit history and other information could be collected and used as a basis for the employment decision, (2) authorized defendant to procure his consumer report, and (3) stipulated that, by signing the document, the plaintiff was waiving his rights to sue defendant for violations of the FCRA. The plaintiff alleged that the inclusion of the

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

6

liability waiver violated the statutory requirement that the disclosure document consist "solely" of the disclosure. See § 1681b(b)(2)(A)(i). Upon reviewing his personnel file, the plaintiff discovered that defendant had procured his consumer report. In ruling on defendant's motion to dismiss, the Syed court began by stating that "[a] plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." Syed, 853 F.3d at 499. After finding that the authorization requirement of the FCRA, §1681b(b)(2)(A)(ii), created both a right to information and a right to privacy, the Syed court held that the plaintiff had pled a violation of those rights and alleged a concrete injury. Importantly, the Syed court reasoned that the plaintiff had pled a concrete injury because it could be inferred from plaintiff's discovery of his consumer report that the plaintiff was not aware he was signing a waiver authorizing the credit check when he signed it; that the plaintiff "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." Id. at 499-500. Many district courts have dismissed FCRA claims that are based on bare procedural violations similar to the alleged disclosure violation in Syed. See e.g., Saltzberg v. Home Depot, U.S.A. Inc., No. 17-5798 RGK, 2017 WL 4776969, at *2 (C.D. Cal. Oct. 18, 2017) (inclusion of liability release provision on the same page as disclosure insufficient to establish concrete injury); Bercut v. Michaels Stores, Inc., No. 17-1830 PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (Syed "mak[es] clear that actual confusion or some other non-procedural harm must be alleged to create an Article III controversy."); Benton v. Clarity Services, Inc., No. 16-6583 MMC, 2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) (allegation that defendant failed to disclose source of information in violation of Section 1681g was in the nature of a bare procedural violation, and thus insufficient to establish standing); Lee v. Hertz Corp., No. 15-4562 BLF, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016) (allegation that disclosure form contained "extraneous" information insufficient, without more, to demonstrate standing); Case v. Hertz Corp., No. 15-2707 BLF, 2016 WL 6835086, at *4-5 (N.D. Cal. Nov. 21, 2016) (allegation that disclosure form did not technically comply with the requirements of FCRA because it contained extraneous information is

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
7

a bare procedural violation); Nokchan v. Lyft, Inc., No. 15-3008 JCS, 2016 WL 5814287, at *9 (N.D. Cal. Oct. 5, 2016) (allegations that disclosure form contained extraneous information and that defendant failed to inform plaintiff of right to request summary of rights insufficient to establish standing); Larroque v. First Advantage LNS Screening Solutions, Inc., No. 15-4684 JSC, 2016 WL 4577257, at *5 (N.D. Cal. Sept. 2, 2016) (allegation that defendant failed to certify it had complied with the disclosure and authorization requirements set forth in FCRA is "nothing more than a bare procedural violation of the FCRA" that does not satisfy the injury-in-fact requirement of Article III).

Plaintiff contends that her claim is not foreclosed by Syed because the Syed court cited approvingly to Thomas v. FTS USA, LLC, 193 F. Supp. 3d 623, 628-638 (E.D. Va. 2016), in which the court stated that the "unauthorized disclosure of personal information constitutes an invasion of the statutory of right to privacy and a concrete injury sufficient to confer Article III standing." Id. at 636. The Thomas case, however, is distinguishable. In Thomas, the plaintiff alleged that "[d]efendants did not provide Plaintiff with a written disclosure that they intended to obtain a copy of his consumer report for employment purposes," and that "Plaintiff did not provide Defendants with his written authorization for them to obtain his consumer report for employment purposes." Id. at 634. The plaintiff later learned that his employer had received his consumer report when he was denied continued employment based on information contained in that report. Id. at 628.

Here, Plaintiff alleges only a "bare procedural violation" of FCRA. Plaintiff alleges that Defendants provided her with the "Background Screening Consent Form" for employment purposes. Plaintiff does not allege that she was "confused" by the disclosure or that she would not have signed the authorization had it been presented separately from the waiver. Plaintiff does not allege that she was not aware she was authorizing a criminal background report when she "filled out" the Background Screening Consent Form. Nor does Plaintiff allege that she was unaware she was releasing liability when she "filled out" the Background Screening Consent Form. Plaintiff does not allege that she was denied employment based on the consumer report that Defendants

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
8

allegedly procured. Nor does Plaintiff allege that the consumer report was inaccurate.

Plaintiff next cites to Eichenberger v. ESPN, Inc., 876 F.3d 979 (9th Cir. 2017), but Eichenberger is also distinguishable. In Eichenberger, the Ninth Circuit analyzed whether the plaintiff asserting a violation of the Video Privacy Protection Act ("VPPA") had sufficiently alleged a concrete injury for purposes of Article III standing. The VPPA prohibits a "video tape service provider" from knowingly disclosing "personal identifiable information concerning any consumer of such provider." 18 U.S.C. §2710(b)(1). The Ninth Circuit explained that Spokeo concerned procedural violations of the FCRA that would not invariably injure a concrete interest, whereas the VPPA provision at issue protected a consumer's substantive privacy interest in his or video-viewing history. Id. at 983-84. "Thus, although the FCRA outlines procedural obligations that sometimes protect individual interests, the VPPA identifies a substantive right to privacy that suffers any time a video service provider discloses otherwise private information." Id. The Ninth Circuit accordingly held that a plaintiff asserting a violation of the VPPA "need not allege any further harm to have standing." Id. at 984.

Plaintiff has failed to allege any concrete harm and lacks Article III standing to assert the FCRA claim. See Syed, 853 F.3d at 499-500. Plaintiff's CRAA, ICRAA and UCL claims are deficient for the same reason. Accordingly, Defendants' motion for judgment on the pleadings is granted as to all of Plaintiffs' claims. Because Plaintiff lacks Article III standing, it is unnecessary to address the remaining challenges to Plaintiff's claims raised by Defendants in the instant motion.

**B. Dismissal or Remand**

In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Polo v. Innoventions International, LLC, 833 F.3d 1193 (9th Cir. 2016). Despite the clear mandate to remand set forth in Section 1447(c), Defendants contend that Plaintiff's claims should be dismissed. The cases relied upon by Defendants, however, do not mandate dismissal of Plaintiff's claims. In DaimlerChrysler Corp. v. Cuno, 547 U.S. 332 (2006), the Supreme Court

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
9

held that state taxpayers did not have Article III standing to assert a Commerce Clause challenge to local property tax credits granted to DaimlerChrysler Corporation, and ordered the case remanded for dismissal. Plaintiff in this case is not asserting a Commerce Clause violation. Rather, Plaintiff's only federal law claim is one over which both state and federal court have concurrent jurisdiction.

In Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir. 1991), the plaintiff asserted constitutional claims based upon the alleged misuse of tax money by federal and local funding for a construction project, the Forest Services' alleged failure to follow regulations, and the alleged withholding of information from the electorate. The Bell court held that the plaintiff lacked standing to pursue his constitutional claims and was barred from pursuing his state law claim for failure to post a bond. Id. at 1423-24. The Bell court was certain remand of the state law claim would be futile and affirmed the district court's dismissal of the state law claim. Id. at 1425. Here, remand of Plaintiff's claims is not necessarily futile because "[t]he constraints of Article III do not apply to state courts." Bercut v. Michaels Stores, Inc., 2017 WL 2807515, at *5 (quoting ASARCO Inc. v. Kadish, 490 U.S. 605, 617 (1989)); see also Lee v. Hertz Corp., 2016 WL 7034060, at *6; Larroque, 2016 WL 4577257, at * 5.

**V. CONCLUSION**

For the reasons set forth above, Defendants' motion for judgment on the pleadings in GRANTED. The case is remanded to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: June 20, 2018

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:17-cv-07101-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
10